Summons and complaint filed October 24, 1945, on behalf of plaintiff Evelyn Vande Zande, against defendant Better Farms, Inc. Action for damages for injuries sustained by plaintiff when the car in which she was a guest collided with a tractor belonging to the defendant. On May 6, 1946, defendant Harvard Erdman, driver of the car in which injured plaintiff was riding, was interpleaded in the action. He cross-complains for damages to his automobile caused by the negligence of the operator of the tractor. After plaintiff's testimony was presented, it was stipulated between plaintiff and defendant Better Farms, Inc., that plaintiff's cause of action be settled by payment of $600 to her by Better Farms, Inc., which waived any claim for contribution from the interpleaded defendant, and judgment was accordingly entered dismissing plaintiff's complaint upon its merits. Questions concerning the negligence of defendant and interpleaded defendant were submitted to the jury, and by a special verdict ninety per cent of the negligence was found to be attributable to defendant, *Page 192 
Better Farms, Inc., and ten per cent to the interpleaded defendant, Harvard Erdman. From a judgment in favor of the interpleaded defendant for $198 and costs, the defendant Better Farms, Inc., appeals.
Harvard Erdman, the interpleaded defendant, was traveling toward the village of Lamartine, Wisconsin, on United States Highway 151, between 6:30 and 7:30 p.m., November 4, 1944. Miss Vande Zande was riding with him in the front seat of his automobile. There were two other guests in the back seat. As Erdman, driving about thirty-five miles per hour, came to a long down grade approaching Lamartine, he observed a white light between five hundred and seven hundred fifty feet ahead of him but continued to proceed toward it, thinking it was an oncoming vehicle. As a matter of fact, the light was on the back of defendant's tractor, which was proceeding in the same direction as the Erdman car. A corn picker was attached to the tractor. There was a signpost on the shoulder of the road and in the path of the corn picker. The driver of the tractor, realizing the Erdman car was approaching from the rear, slowed down. It appears that there were no other vehicles in sight and that both the tractor and the Erdman car were in the right-hand lane of the highway. Not until an instant before the collision did Erdman or the occupants of his car realize that the white light they saw was not the light of an oncoming car. Erdman attempted to turn to the right. His car struck the left rear wheel of the tractor. The impact forced the tractor into the ditch on the right side of the road.
The trial court found as a matter of law that the driver of the tractor, the employee of Better Farms, Inc., was negligent with respect to the lighting of the tractor and corn picker. The questions submitted to the jury can be summarized as follows: (1) Was the interpleaded defendant negligent in the manner of operating his automobile? (2) If so, was his negligence a cause of the damages sustained by Better Farms, *Page 193 
Inc.? (3) Was the negligence of the servant of Better Farms, Inc., a cause of interpleaded defendant's damages? (4) If both the defendant and the interpleaded defendant are guilty of negligence, what proportion of the negligence is attributable to each?
The defendant, Better Farms, Inc., contends that instructions should have made clear that although the negligence of the operator of the tractor may have been found to be a proximate cause of the damage, the negligence of the driver of the car could be found to be a superseding intervening cause, breaking the chain of causation set in motion by the negligence of the tractor operator.
The corn picker attached to appellant's tractor was about twelve feet wide, part of it extending onto the shoulder on the right side of the road. Very little, if, any, of the corn picker extended beyond the tractor on the left side. Near the center of the back of the tractor, just below the driver's seat, between four and five feet from the ground, was a white light, powerful enough to make it possible to work with the corn picker at night. At the time of the accident this light was on, focused downward onto the corn picker. The testimony indicates that the light was similar in appearance to an automobile headlight. There was no other light on the back of the tractor or corn picker.
Appellant urges that instructions were erroneous. We find no prejudicial error. Appellant's failure to have a red light or reflectors in place on the tractor is not disputed, and the negligence chargeable to respondent as found by the jury did not under the circumstances of this case amount to a superseding intervening cause. The evidence sustains the findings of the jury, and the judgment must be affirmed.
By the Court. — Judgment affirmed. *Page 194